# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| AMY VEGA, Individually and on Behalf of All Others Similarly Situated, | Case No.: 17-cv-274 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| AMERICAN CORADIUS INTERNATIONAL, LLC and CIGPF I CORP. | **Jury Trial Demanded** |
| Defendants. | |

## INTRODUCTION

1. This class action seeks redress for outrageous collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and the Wisconsin Consumer Act, Ch. 421-427, Wis. Stats (the "WCA"). Defendant CIGPF I CORP. ("CIGPF") purchases and attempts to collect defaulted consumer debts using collection agencies like defendant American Coradius International, LLC ("ACI"). In doing so, CIGPF and ACI failed to calculate and ignored the applicable statutes of limitations, continuing to collect after the statute of limitations has expired. Defendants' conduct attempts to fool consumers into making a payment, which resets the statute of limitations. Defendants' conduct is unmistakably confusing, misleading and deceptive and is the type of conduct that the FDCPA was intended to prohibit.

## JURISDICTION AND VENUE

2. The Court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Amy Vega is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Plaintiff is a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that she allegedly engaged in one or more consumer transactions.

6. Defendant American Coradius International, LLC ("ACI") is a foreign limited liability company with its principal place of business located at 2420 Sweet Home Rd Ste 150, Amherst, NY 14228.

7. ACI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. ACI is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. ACI is a debt collector as defined in 15 U.S.C. § 1692a.

9. Defendant CIGPF I CORP. ("CIGPF") is a foreign corporation with its principal place of business located at 390 Greenwich Street, New York, NY 10013.

10. CIGPF is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time CIGPF acquires them.

11. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), *citing Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech*

2

Case 2:17-cv-00274-PP    Filed 02/27/17    Page 2 of 12    Document 1

*Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

12. CIGPF uses third party debt collectors, including ACI, to collect allegedly defaulted debts that have been assigned.

13. A company meeting the definition of a "debt collector" under the FDCPA (here, CIGPF) is vicariously liable for the actions of a second company collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf); *citing Pollice*, 225 F.3d at 404-05.

14. With respect to Plaintiff and the class, Defendants are engaged in the business of a collection agency, using the mails and telephone to collect consumer debts.

15. Wis. Stat. § 427.103(3) defines debt collector as: "any person engaging, directly or indirectly, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms." (emphasis added).

16. Wis. Stat § 427.103(2) states: "Debt collection" means *any action*, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer." (emphasis added).

## FACTS

### Washington Mutual Bank Failure - 2008

3

17. Providian Financial Corporation was one of the leading credit card issuers in the United States when it was sold to Washington Mutual Bank for approximately $6.5 billion in October 2005. https://en.wikipedia.org/wiki/Providian.

18. On September 25, 2008, the United States Office of Thrift Supervision (OTS) seized Washington Mutual Bank from Washington Mutual, Inc. and placed it into receivership with the Federal Deposit Insurance Corporation (FDIC). The OTS took the action due to the withdrawal of $16.7 billion in deposits during a 9-day bank run (amounting to 9% of the deposits it had held on June 30, 2008). https://en.wikipedia.org/wiki/Washington_Mutual.

19. The FDIC subsequently sold the banking subsidiaries (minus unsecured debt and equity claims) to JPMorgan Chase for $1.9 billion. *Id.*

20. All Washington Mutual branches were rebranded as Chase branches by the end of 2009. *Id.*

21. On September 26, 2008, Washington Mutual, Inc. filed for Chapter 11 voluntary bankruptcy in Delaware, where it was incorporated. *Id.*

22. Before the receivership action, it was the sixth-largest bank in the United States. According to Washington Mutual Inc.'s 2007 SEC filing, the holding company held assets valued at $327.9 billion. *Id.*

23. With respect to total assets under management, Washington Mutual Bank's closure and receivership is the largest bank failure in American financial history.

### *ACI and CIGPF Attempt to Collect a Time-Barred Debt*

24. On or about April 11, 2016, ACI mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to CIGPF and originally owed to "Washington Mutual

4

Bank FKA Providian National Bank." A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

25. To the extent that the alleged account ever existed, it had been in default long before the account was assigned to CIGPF.

26. Upon information and belief, the alleged debt that ACI was attempting to collect from Plaintiff by means of <u>Exhibit A</u> was a credit card account, used only for personal, family or household purposes.

27. Upon information and belief, the unsecured credit card debt listed in <u>Exhibit A</u> was not purchased by CIGPF from Chase. Presumably, if it had been, <u>Exhibit A</u> would list Chase as the original creditor.

28. Washington Mutual ceased to exist in 2008. If the alleged debt in <u>Exhibit A</u> was sold to a debt buyer by Washington Mutual, the alleged debt is clearly at least eight years old.

29. The alleged debt in <u>Exhibit A</u>, thus, upon information and belief, was sold and re-sold to several debt buyers, attempting to collect on the defaulted and charged off credit card debt.

30. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

31. Upon information and belief, <u>Exhibit A</u> is a form debt collection letter used by ACI to attempt to collect alleged debts.

32. <u>Exhibit A</u> is dated April 11, 2016.

33. ACI mailed <u>Exhibit A</u> to Plaintiff after the statute of limitations had run on the alleged debt.

34. The statute of limitations for actions on contracts in Wisconsin is six years. Wis. Stat. § 893.43; *Hennekens v. Hoerl*, 160 Wis. 2d 144, 159, n.12, 465 N.W.2d 812, 818 n.12 (1991) ("a creditor has six years to commence an action on a promissory note").

35. No one ever sued Plaintiff to collect the alleged Washington Mutual debt.

36. If the Washington Mutual debt was, at some point in the past, valid, Plaintiff has not made any payments on the alleged debt since 2008 at the latest.

37. ACI mailed Exhibit A to Plaintiff on or around April 11, 2016, after the six year statute of limitations had run.

38. ACI mailed further debt collection letters to Plaintiff regarding the same alleged debt listed in Exhibit A on or around June 3, 2016; July 12, 2016; September 6, 2016; and October 14, 2016, also after the statute of limitations had run. Copies of these letters are attached to this complaint as Exhibit B, Exhibit C, Exhibit D and Exhibit E.

39. Under Wisconsin law, the expiration of the statute of limitations extinguishes the debt. Wis. Stat. § 893.05 ("**Relation of statute of limitations to right and remedy.** When the period within which an action may be commenced on a Wisconsin cause of action has expired, the right is extinguished as well as the remedy.").

40. Thus, attempts to collect a time-barred debt in Wisconsin are attempts to collect debts that no longer exist, in violation of the FDCPA. 15 U.S.C. § 1692e(2)(a); Wis. Stat. § 427.104(1)(j); *see also McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) (a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable).

41. Any reasonable lender, debt buyer or debt collector would realize that the alleged debt was well-past the statute of limitations.

42. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

43. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

44. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

45. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

46. 15 U.S.C. § 1692f(1) specifically prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

47. The WCA's debt collection provisions (Wis. Stat. 427.104(1)) are to be interpreted consistently with the FDCPA, and the standard is the FDCPA's objective "unsophisticated consumer" standard. *See Brunton v. Nuvell Credit Corp.*, 325 Wis. 2d 135, 161 n.12, 785 N.W.2d 302, 314 n.12 (2010) (coordinating the Wisconsin Supreme Court's interpretation of the WCA with the FDCPA, and noting that other courts have done so as well). In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard for the analysis of WCA debt collection actions, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

48. Wis. Stat. § 427.104(1)(h) prohibits: "Engag[ing] in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

49. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist.

7

50. Defendants' conduct violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692f, 1692f(1), and Wis. Stat. §§ 427.104(1)(h) and 427.104(1)(j).

51. Defendant's misrepresentation is likely to cause emotional distress to the unsophisticated consumer, who is afraid of having to deal with debt that is actually time-barred, but is now reappearing in the hands of a debt buyer. *See* Wis. Stat. § 427.105(1) ("actual damages shall include damages caused by emotional distress or mental anguish with or without accompanying physical injury proximately caused by a violation of this chapter").

52. Plaintiff was confused by Exhibits A-E.

53. The unsophisticated consumer would be confused by Exhibits A-E.

54. Plaintiff had to spend time and money investigating Exhibits A-E.

55. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibits A-E.

56. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill.

Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

57. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

58. Plaintiff also seeks injunctive relief under the WCA to stop Defendants abusive and misleading practices of collecting time-barred debts.

59. Wis. Stat. § 426.109(1) states:

> **(1)** The administrator or any customer may bring a civil action to restrain by temporary or permanent injunction a person from violating chs. 421 to 427 and 429 or the rules promulgated pursuant thereto, or to so restrain a merchant or a person acting on behalf of a merchant from engaging in false, misleading, deceptive, or unconscionable conduct in consumer credit transactions. It shall not be a defense to an action brought under this section that there exists an adequate remedy at law.

60. It is common practice for debt buyers such as CIGPF to purchase portfolios containing hundreds or thousands of old credit card accounts for pennies on the dollar. It is not cost-effective to purchase individual accounts or small portfolios because many of the accounts are not collectible.

9

61. Upon information and belief, most if not all of the alleged Washington Mutual debts, allegedly owed by Wisconsin residents, in the same portfolio as plaintiff's account, are time-barred.

62. Because time-barred debts are extinguished by operation of Wisconsin law, the Court should order Defendants to cease and desist collection of all such time-barred debts in Wisconsin. Wis. Stat. § 893.05.

## COUNT I – FDCPA

63. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

64. ACI attempted to collect Plaintiff's alleged debt after the statute of limitations had run.

65. The expiration of the statute of limitations extinguished the debt. Wis. Stat. § 893.05.

66. Exhibits A-E attempt to collect a debt that does not exist.

67. Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692f and 1692f(1).

## COUNT II -- WCA

68. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

69. Exhibits A-E attempt to collect a debt that is time-barred and thus extinguished as a matter of law. Wis. Stat. §§ 893.43, 893.05.

10

70. <u>Exhibits A-E</u> attempt to enforce a right to a debt, even though Defendants knew or should have had reason to know that no such right existed at the time the letters were sent.

71. Defendants violated Wis. Stat. §§ 427.104(1)(h) and 427.104(1)(j).

72. Plaintiff further seeks injunctive relief under the WCA, Wis. Stat. § 426.109(1).

## CLASS ALLEGATIONS

73. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the forms represented by <u>Exhibits A, B, C, D or E</u> to the complaint in this action, (c) seeking to collect a debt, owed to CIGPF, that was assigned to CIGPF after default, (d) incurred for personal, family or household purposes, (e) after the six year statute of limitations had expired (f) between February 27, 2016 and February 27, 2017, inclusive, (g) that was not returned by the postal service. Excluded from the class are any person who Defendants can show made one or more payments on the account after February 27, 2011, and any person against whom Washington Mutual, Chase or CIGPF has obtained a court judgment ordering the person to pay the account.

74. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

75. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are whether the Defendants complied with 15 U.S.C. §§ 1692e, 1692f, Wis. Stat. § 427.104(1), and whether ACI mailed collection letters that were time-barred.

76. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

11

77. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

78. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

79. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) injunctive relief, including but not limited to an Order enjoining Defendants from mailing debt collection letters seeking to collect time-barred debts from customers;

(d) attorneys' fees, litigation expenses and costs of suit; and

(e) such other or further relief as the Court deems proper.

Dated: February 27, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com